Dear Mr. Prejeant:
Reference is made to your recent request for an opinion of this office, on behalf of Consolidated Waterworks District No. 1 of the Parish of Terrebonne (the "District"), regarding a claim by one of the District's employees for retirement benefits.
Apparently, an employee who is currently employed by the District was once employed by the City of Houma. According to your correspondence, the employee, Mr. Vernon Champagne, began his employment with the City of Houma's water treatment plant in 1971. Subsequent to Mr. Champagne's employment, the City of Houma merged with the Terrebonne Parish Police Jury to become the Terrebonne Parish Consolidated Government. At that time, Mr. Champagne, along with other City employees, was "absorbed" as an employee of the District. While Mr. Champagne was employed by the City of Houma, he belonged to and contributed to the Municipal Employee's Retirement System (the "Municipal System"). At the time he became a District employee, Mr. Champagne began contributing to the Parochial Employee's Retirement System (the "Parochial System"). Unfortunately, however, at the time Mr. Champagne joined the Parochial System, he did not make an accrued liability payment to the Parochial System, which caused his credit with the Parochial System to be prorated. Mr. Champagne's contributions to the Municipal System are apparently intact, and prorated as well. Mr. Champagne asserts that he was led to believe that the Parochial System would give him full credit for all of the time he has been employed, including the time that he was employed by the City of Houma, and that he is entitled to be recompensed by the District. Apparently, Mr. Champagne would like the District to pay the value of accrued liability necessary to provide him with full retirement from the Parochial System. You advise that the Board of Commissioners of the District asked that you investigate this matter and render your opinion as to whether or not the District had any liability to Mr. Champagne.
After conducting your investigation of Mr. Champagne's claim, you advised the Board of Commissioners of the District that in your opinion a cause of action or potential cause of action does exist by Mr. Champagne. You found that the facts in support of this position, however, did not, based upon the information presented, justify a conclusion that sufficient evidence existed for an award to be rendered against the District in the event the matter was litigated. You also advised the District that unless additional facts presented by Mr. Champagne that would either suggest an increased prospect of recovery against the District by Mr. Champagne, the District could not make a direct payment on behalf of Mr. Champagne "unless an Attorney General's opinion is rendered indicating that such a step would not constitute a donation prohibited by Article 7, Section 14 of the La. Constitution of 1974."
In light of your advice to the District regarding the need for our opinion, you have asked this office to advise whether or not the district would be constitutionally prohibited from participating in any degree in payment of funds to the Parochial System on behalf of Vernon Champagne.
Please be advised that this office is not a finder of fact, and it would be beyond the purview of this office to evaluate Mr. Champagne's claim or potential claim against the District, or your analysis thereof. However, it is our opinion that if the District, with its Counsel's advice and concurrence, properly evaluates its liability to Mr. Champagne, the viability of Mr. Champagne's claim, and the potential costs and risks associated with Mr. Champagne's claim, and determines that it would be in the District's best interest to make a payment to or on behalf of Mr. Champagne pursuant to a settlement agreement, such payment would not violate La. Const. Art. VII, Sec 14.
Your letter advises that in accordance with La.R.S. 33:7712, the District is a political subdivision of the state of Louisiana. Although the District is neither a parish nor a municipality, we direct your attention to La.R.S. 13:5109(C), which provides for the settlement of claims against parishes or municipalities. While La.R.S. 13:5109(C) is not directly pertinent to the District, we believe our opinion herein to be consistent with the spirit of La.R.S. 13:5109(C), which provides:
 "The governing authority of a parish or municipality, upon the advice and concurrence of the district attorney, parish attorney, or city attorney of that parish or municipality or proper official as the case may be, may compromise or settle any claim against that parish or municipality without the necessity for the filing of a suit against the parish or municipality in the matter. Any such compromise settlement shall be eligible, payable, and paid only out of funds appropriated for that purpose by the governing authority of that parish or municipality. No claim in excess of ten thousand dollars may be compromised or settled as provided herein before ten days have elapsed after the publication of such proposed compromise or settlement in the official journal of the appropriate subdivision."
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance to the District in the future.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RELEASED: July 6, 2001
JEANNE-MARIE ZERINGUE BARHAM ASSISTANT ATTORNEY GENERAL